# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3996 | **DATE** | 6/11/2001 |
| **CASE TITLE** | Richard V. Malak, Sr. vs. George J. Tenet, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Malak's Application to Proceed without Prepayment of fees is denied once again, and both the Complaint and this action are dismissed without prejudice. That in turn again causes his motion for appointment of counsel is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 12 2001 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 6/11/2001 | |
| | | 01 JUN 11 PM 4:05 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD V. MALAK, SR.         )
                              )
            Plaintiff,        )
                              )
    v.                        )   No.  01 C 3996
                              )
GEORGE J. TENET, et al.,      )
                              )
            Defendants.       )

DOCKETED
JUN 1 2 2001

## MEMORANDUM OPINION AND ORDER

On May 22, 2001 this Court issued a brief memorandum order in Case No. 01 C 3460, which Richard Malak ("Malak") sought to file against two CIA-affiliated defendants. As reflected in that memorandum order, this Court surmised that Malak was attempting to file a claim under the Freedom of Information Act ("FOIA," 5 U.S.C. §552[1]), but dismissal of his action was required because he had made no showing of his having first pursued the matter at the administrative level.

Now Malak has tried again, this time by tendering a handwritten Complaint to which he has annexed photocopies of two letters that the CIA sent him last year (both of those photocopies are attached) plus a photocopy of a handwritten April 14, 2001 letter that he attempted to send[2] to CIA Director

---

[1] Further citations to FOIA's provisions will simply take the form "Section 552--."

[2] "Attempted to send" is used advisedly, because the photocopy shows its fax transmittal was unsuccessful. But nothing hangs on that question.

George Tenet, one of the two defendants again named in this action. But those documents carry their own death warrant in terms of the viability of any current FOIA-based lawsuit by Malak.

Section 552(a)(3) (emphasis added) states the obligations of an agency to which a FOIA request is directed:

> Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, upon any request for records which (A) <u>reasonably describes such records</u> and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

And Section 552(a)(4)(B) (emphasis added) sets out the jurisdiction of a federal court where the agency has not complied with its statutory obligation:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records <u>improperly withheld from the complainant</u>.

As the attached photocopies reflect, CIA was entirely amenable to meeting Malak's requests, but it was frustrated by reason of Malak's imprecision in identifying just what he was requesting. It appears from the other Complaint exhibit (Malak's handwritten letter to Director Tenet) that Malak allowed nearly a year to elapse without taking any steps after he had received CIA's request for more particulars--and even if that letter was

2

delivered to Tenet (as the fax "ERROR TX Report" seems to negate), its discursive narrative doesn't even begin to approach doing the necessary job to permit CIA's performance of its FOIA responsibilities.

It is of course worth noting parenthetically that the level of sensitivity that attaches to many CIA documents might well call into play one or more of the FOIA exemptions listed in Section 552(b). This Court of course makes no ruling in that respect, but that possibility makes it all the more important that a requesting party provide the appropriate particulars to enable the agency to determine what its disclosure obligations may or may not be.

In any event, what the matter comes down to is that Malak still has not made the necessary showing of having exhausted his administrative remedies, a precondition to his calling on the federal courts for assistance. Hence Malak's accompanying Application To Proceed Without Prepayment of Fees is denied once again, and both the Complaint and this action are dismissed without prejudice.[3] That in turn again causes his Motion for

---

[3] Just because a putative plaintiff can obtain a free ride into the federal court system by showing inadequate financial resources, that does not justify such a party in abusing the system through the filing of repeated unripe lawsuits. If Malak were to try once again with another premature FOIA action, this Court would have to consider dismissing that action with prejudice (on the familiar premise that "three strikes are out").

3

Appointment of Counsel to be denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 11, 2001



Central Intelligence Agency

Washington, D.C. 20505

MAR 3 1 2000

Mr. Richard V. Malak, Sr.
313 E. Oak Street, Apt. 1
Watseka, Illinois 60970

Reference: F-2000-00621

Dear Mr. Malak:

This acknowledges receipt of your 8 March 2000 letter faxed to our Public Affairs Office, who then forwarded it to this office for consideration under the Freedom of Information Act (FOIA). Specifically, you would like the list of guard's names that you located on the FOIA database on or about 17 December 1999. For identification purposes we have assigned your request the number referenced above. Please refer to this number in future correspondence.

Your request, because of its lack of specificity, cannot be processed. The FOIA provides for public access to "reasonably described" records. This means that the requester must describe records sufficiently to enable a professional employee familiar with the subject to locate the records without an unreasonable amount of effort. This generally requires that the records must be locatable through our indexing systems. The FOIA does not require federal agencies to perform research or to conduct unreasonable searches through a body of material to see if any of it is related to a particular request. Further, the review of such records would impose an excessive and unreasonable burden on the Agency, and pursuant to relevant precedent, we must decline to process such requests.

In an effort to assist you, however, we have searched our system of previously released documents but located no records matching those you described. If wish to pursue your request further, we ask you provide additional information surrounding the subject of your request.

For your information, the FOIA authorizes federal agencies to collect fees for records services. You will note on the enclosed fee schedule that we charge search fees, including computer time where indices are computerized, and copying costs for releasable documents. In accordance with Section (a) of the schedule, search fees are assessable even if no records are found or, if found, we determine that they are not releasable. This means you will be charged even if our search results are negative or if we determine that no information is releasable under the FOIA.

Based upon the information provided in your letter, we have determined that your request falls into the "all other" fee category, which means that you will be required to pay charges which recover the cost of searching for and reproducing responsive records (if any) beyond the first 100 pages of reproduction and the first two hours of search time, which will be furnished without charge. Copying costs will be assessed at the rate of ten cents per page.

Before we can begin processing your request, we must receive your commitment to pay all fees incurred and under the conditions stated above. The search fees for each item in a request are usually about $150.

We will hold you request in abeyance for 45 days from the date of this letter pending your response.

Sincerely,

Kathryn I. Dyer
Information and Privacy Coordinator

Central Intelligence Agency



Washington, D.C. 20505

APR 2 4 2000

Mr. Richard V. Malak, Sr.
313 E. Oak Street, Apt. 1
Watseka, Illinois 60970

Reference: F-2000-00621

Dear Mr. Malak:

This acknowledges receipt of your letter dated 13 April 2000 concerning your 8 March 200 Freedom of Information Act (FOIA) request for **the list of guard's names that you located on the FOIA database on or about 17 December 1999.**

In response to your request the FOIA does not authorize or require federal agencies to answer questions on behalf of requesters. Please note that the additional information you provided still does not sufficiently describe your request in such a manner that would allow us to locate any records concerning the subject, if any exist. Therefore we cannot process your request. I note that you mention that the list was headed "4th Infantry Division, Special Guards Company." In this light, we recommend that you direct your request to the Department of the Army.

We regret that we are unable to be of further assistance to you.

Sincerely,

Kathryn I. Dyer
Information and Privacy Coordinator